■ LOIS LIPSHIE, Appellant, v. LESTER A. LAZARUS, Respondent.— Order, entered February 19, 1963, denying plaintiff's motion to strike defendant's amended counterclaim, unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to plaintiff-appellant, and the motion granted, with $10 costs, without prejudice to the commencement of a separate action. (*Stuyvesant Ins. Co.* v. *Matusow*, 7 A D 2d 843; *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.*, 1 A D 2d 170.) Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

■ BENNY GOLDIN, Respondent, v. REISS MANUFACTURING CORP., Defendant, and JAMES KING & SON, INC., Appellant.— Judgment entered June 27, 1962, in favor of plaintiff, unanimously reversed on the law and on the facts, and a new trial ordered, with costs to abide the event. The cause of action as set forth in the complaint was based upon a theory of the supplying of a defective instrumentality for plaintiff's use. At the trial the theory upon which liability was sought to be predicated was the assurance of safety concept. This was embraced within the court's charge as given originally but, upon exception, the court admonished the jury to disregard it since this theory of liability was not pleaded or advanced in the bill of particulars. The injection of this theory by plaintiff, which remained throughout the trial, undoubtedly improperly influenced the verdict. In light of plaintiff's version of the accident and the accounts given by Kraus, plaintiff's superior, and Tubridy, appellant's foreman, the finding of defendant's negligence, implicit in the jury's verdict, is against the weight of the credible evidence. (Cf. *Politi* v. *Irvmar Realty Corp.*, 7 A D 2d 414.) Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

■ In the Matter of BABY GRAND CAFE, INC., Petitioner, v. DONALD S. HOSTETTER et al., Individually and Constituting the State Liquor Authority, Respondents.— Determination of the State Liquor Authority, dated February 28, 1963, canceling petitioner's restaurant liquor license, and determination of the Authority, dated March 4, 1963, disapproving petitioner's application for renewal of said license, annulled, on the law, charges 1 and 3 dismissed, the findings based on said charges disaffirmed, and, in the exercise of discretion, both proceedings remanded to the Authority for a determination of the proper sanction to be imposed for the remaining charges 2 and 4 and findings based thereon, without costs to any party. Charge 1 alleges a sale of alcoholic beverages to a person actually or apparently under the influence of liquor. The finding supporting this charge was insufficient, stating only that the investigators "thought" the patron was intoxicated. Charge 3 alleged that the premises were operated as a "clip joint". The testimony supporting the charge was that unaccompanied women's bills were charged to men who joined them. The Authority apparently has not attempted to define a "clip joint". Without attempting a comprehensive or conclusive definition of the term, in the absence of proof of overcharge or dilution of drinks, the charge is not supported. Since the Authority relies on the same findings for the cancellation proceeding and for the renewal application, the entire matter is remanded. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.